Anton N. Handal (Bar No. 113812)
anh@handal-law.com
Gabriel G. Hedrick (Bar No. 220649)
ghedrick@handal-law.com
Lauren G. Kane (Bar No. 286212)
lkane@handal-law.com
HANDAL & ASSOCIATES
750 B Street, Suite 2510
San Diego, CA  92101
Tel: (619) 544-6400
Fax: (619) 696-0323

Attorneys for Plaintiff
e.Digital Corporation

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| e.Digital Corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Y-Cam Solutions, LLC,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff e.Digital Corporation ("e.Digital" or "Plaintiff"), by and through its undersigned counsel, complains and alleges against Defendant Y-Cam Solutions, LLC. ("Y-Cam" or "Defendant") as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of a patent arising under the laws of the United States relating to patents, 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 271, 281. Plaintiff e.Digital seeks a preliminary and permanent injunction and monetary damages for patent infringement.

-1-

*COMPLAINT*

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101, *et seq*.

3. Venue properly lies within the Northern District of California pursuant to the provisions of 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b) and/or Local Civil Rule 3-12. On information and belief, Defendant conducts substantial business directly and/or through third parties or agents in this judicial district by selling and/or offering to sell the infringing products and/or by conducting other business in this judicial district. Furthermore, Plaintiff e.Digital has been harmed by Defendant's conduct, business transactions and sales in this district.

4. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant transacts continuous and systematic business within the State of California and the Northern District of California. In addition, this Court has personal jurisdiction over the Defendant because, on information and belief, this lawsuit arises out of Defendant's infringing activities, including, without limitation, the making, using, selling and/or offering to sell infringing products in the State of California and the Northern District of California. Finally, this Court has personal jurisdiction over Defendant because, on information and belief, Defendant has made, used, sold and/or offered for sale its infringing products and placed such infringing products in the stream of interstate commerce with the expectation that such infringing products would be made, used, sold and/or offered for sale within the State of California and the Northern District of California.

5. Upon information and belief, certain of the products manufactured by or for Defendant have been and/or are currently sold and/or offered for sale to consumers including, but not limited to, consumers located within the State of California at, at least, Defendant's website located at https://y-cam.com, Fry's website located at Frys.com, and Amazon.com's website located at https://www.amazon.com/Y-cam/b/ref=bl_dp_s_web_3050945011?ie=UTF8&node=3050945011&field-lbr_brands_browse-bin=Y-cam.

## PARTIES

6. Plaintiff e.Digital is a Delaware corporation with its headquarters and principal place

*COMPLAINT*

ANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

of business at 16870 West Bernardo Drive, Suite 120, San Diego, California 92127.

7. Upon information and belief, Defendant Y-Cam is a corporation registered and lawfully existing under the laws of the State of Florida, with an office and principal place of business located at 4500 140th Avenue N, Suite 101, Clearwater, Florida 33762.

## THE ACCUSED PRODUCTS

8. The Defendant's accused products and systems for purposes of the Asserted Patents include but are not limited to the Defendant's to sensor-based products and services, such as, without limitation, Y-Cam branded wireless camera systems, including, without limitation, Defendant's Evo, Indoor VGA, Indoor HDS, and Outdoor HD Pro cameras, and/or related "Kits" and camera bundles, together with Defendant's server, mobile app and/or and web-based services for remote monitoring and communication (the "Accused Products" or "Y-Cam System").

9. Generally speaking, the accused Y-Cam System utilizes sensors, such as cameras, for generating sensor data related to the environment of the sensor devices to provide different alerts to users and others regarding activity around the sensor devices. The Y-Cam System further stores in memory a plurality of templates containing light, time, location and/or other parameters used in classifying activities, such as, for example, motion detection. Sensor data and information based thereon is compiled by the Y-Cam System's cloud servers or other processing devices containing calculating logic to compare the data to the parameters of one or more templates. Such parameters include, for example, "zones" within a camera frame, time of day, location of detected activity, etc. When detected activity satisfies certain criteria as determined by the Y-Cam System's cloud servers/processors, the Y-Cam System utilizes a hierarchy of operations stored in memory by which recipients are provided different information depending on whether they are the primary user, who is provided an email notification along with a link to "Home Monitor" where the primary user can among other things, take further action, or whether they are additional users linked to the "HomeMonitor" account who will only receive by email, e.g., "motion detection alerts." Other triggered operations include, for example, causing a camera to record and save recordings of detected activity. The primary and substantial purpose of the Accused Products is to perform the aforementioned functions. These features infringe each of the patent claims asserted below.

ANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-3-

*COMPLAINT*

## THE ASSERTED PATENTS

10. On April 7, 2015, the United States Patent and Trademark office duly and legally issued United States Patent No. 9,002,331, entitled "System and Method for Managing Mobile Communications" ("the '331 patent"). Patrick Nunally is the sole named inventor and Plaintiff e.Digital is assignee and owner of the entire right, title and interest in and to the '331 patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '331 patent is attached hereto as Exhibit "A."

11. On November 3, 2015, the United States Patent and Trademark office duly and legally issued United States Patent No. 9,178,983, also entitled "System and Method of Managing Mobile Communications ("the '983 patent"). Patrick Nunally is the sole named inventor and Plaintiff e.Digital is assignee and owner of the entire right, title and interest in and to the '983 patent and vested with the right to bring this suit for damages and other relief. A true and correct copy of the '983 patent is attached hereto as Exhibit "B."

## COUNT ONE

## INFRINGEMENT OF THE '331 PATENT BY DEFENDANT

12. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 11 above.

13. Defendant directly or, alternatively, under the doctrine of equivalents, infringes each of the limitations of independent claim 1 and dependent claims 2, 3 and 11 of the '331 patent (hereafter "the asserted claims of the '331 patent") in violation of 35 U.S.C. § 271(a) when Defendant demonstrates, tests or otherwise uses the Accused Products, alone or in combination with other products, in the United States. Defendant's customers directly or, alternatively, under the doctrine of equivalents, infringe each of the limitations of independent claim 1 and dependent claims 2, 3, and 11 of the '331 patent when they use the Accused Products, alone or in combination with other products, in the United States.

14. Defendant has had knowledge of infringement of the '331 patent since at least the filing of the original complaint and continues to sell the infringing Accused Products despite such knowledge.

NANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-4-

*COMPLAINT*

15.     Plaintiff alleges on information and belief that Defendant has, in the United States, without authority, actively induced and continues to actively induce infringement of the asserted claims of the '331 patent in violation of 35 U.S.C. § 271(b) by among other things posting information about and demonstration videos showing how to infringe the Asserted Patents as more specifically set forth below.

16.     Plaintiff similarly alleges upon information and belief that, without authority, Defendant has contributed and continues to contribute to the infringement of the asserted claims of the '331 patent in violation of 35 U.S.C. § 271(c) by importing into the United States, selling and/or offering to sell within the United States Accused Products, that at a minimum include wireless camera and/or other sensor products together with remote monitoring and communication systems as described above, constituting material components of the Accused Products, that Defendant knows were made and/or especially adapted for use in the Accused Products and/or are especially adapted for use in infringing the asserted claims of the '331 patent, and which are not otherwise staple articles of commerce suitable for substantial use in a manner that does not infringe the asserted claims of the '331 patent.

17.     Plaintiff is informed and believes that Defendant intentionally sells, ships or otherwise delivers the Accused Products in the United States, with knowledge that are designed to and do practice the infringing features of the asserted claims of the '331 patent.

18.     Plaintiff alleges that Defendant encourages others to directly infringe the asserted claims of the '331 patent in violation of 35 U.S.C. § 271(b) and (c) by, among other things, providing operating manuals, guides, instructional and/or informational videos and other materials designed to instruct others how to use the products in an infringing manner. In particular, Defendant's product literature, materials and instructional videos advertise and encourage customers to use the accused product(s) for remote monitoring, which utilizes the devices described by the '331 patent in a manner Defendant knows infringes the patent.

19.     Information about and demonstration videos showing how to infringe the asserted claims of the '331 patent are posted by Defendant on its website(s) at https://y-cam.com, on Facebook at https://www.facebook.com/YcamHomeMonitor, YouTube at

1  https://www.youtube.com/user/YcamTV, Twitter at https://twitter.com/ycamsolutions, and/or public websites.

20. Defendant also provides operating manuals, user guides, instructional/informational videos on its website that instruct customers and end-users on how to purchase the Defendant's baby monitor/wireless camera systems and set them up so as to implement and perform the infringing features of the '331 patent. Among other things, the Defendant provides informational materials that lay out step-by-step instructions on how to set up an apparatus or system that infringes the asserted claims of the Asserted Patents on its website(s) such as on website located at https://y-cam.com. For example, such materials include instructions for, among other things, installing and setting up audio/video sensors, activating and modifying template parameters, and setting up user authorization levels.

21. Plaintiff believes and thereupon alleges that Defendant is aware that its customers and end-users are using the Accused Products in an infringing manner based on, among other things: 1) the discussions, questions, answers, and/or comments posted on its website, and/other other public websites where Defendant's authorized agents, customers and/or end-users discuss and disclose the use of the Accused Products, a process which Defendant knows infringes upon patent; and/or, 2) the fact that Defendant encourages its customers and end-users to use the Accused Products in an infringing manner as set forth herein.

## COUNT TWO

### INFRINGEMENT OF THE '983 PATENT BY DEFENDANT

22. Plaintiff re-alleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 11 above.

23. Generally speaking, the accused Y-Cam System utilizes sensors, such as cameras, for generating sensor data related to the environment of the sensor devices to provide different alerts to users and others regarding activity around the sensor devices. The Y-Cam System further stores in memory a plurality of templates containing light, time, location and/or other parameters used in classifying activities, such as, for example, motion detection. Sensor data and information based thereon is compiled by the Y-Cam System's cloud servers or other processing devices

ANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-6-

COMPLAINT

containing calculating logic to compare the data to the parameters of one or more templates. Such parameters include, for example, "zones" within a camera frame, time of day, location of detected activity, etc. When detected activity satisfies certain criteria as determined by the Y-Cam System's cloud servers/processors, the Y-Cam System utilizes a hierarchy of operations stored in memory by which recipients are provided different information depending on whether they are the primary user, who is provided an email notification along with a link to "Home Monitor" where the primary user can among other things, take further action, or whether they are additional users linked to the "HomeMonitor" account who will only receive by email, e.g., "motion detection alerts." Other triggered operations include, for example, causing a camera to record and save recordings of detected activity. The primary and substantial purpose of the Accused Products is to perform the aforementioned functions.

24. Defendant directly or, alternatively, under the doctrine of equivalents, infringes each of the limitations of independent claims 1 and 20 and dependent claims 13, 14, 16, and 19 of the '983 patent (hereafter "the asserted claims of the '983 patent") in violation of 35 U.S.C. § 271(a) when Defendant sells, offers to sell, demonstrates, tests or otherwise uses the Accused Products, alone or in combination with other products, in the United States. Defendant's customers directly or, alternatively, under the doctrine of equivalents, infringe each of the limitations of independent claims 1 and 20 and dependent claims 13, 14, 16, 19 of the '983 patent when they use the Accused Products, alone or in combination with other products, in the United States.

25. Defendant has had knowledge of infringement of the '983 patent since at least the filing of the original complaint and continues to sell the infringing Accused Products despite such knowledge.

26. Plaintiff alleges on information and belief that Defendant has, in the United States, without authority, actively induced and continues to actively induce infringement of the asserted claims of the '983 patent in violation of 35 U.S.C. § 271(b) by among other things posting information about and demonstration videos showing how to infringe the Asserted Patents as more specifically set forth below.

27. Plaintiff similarly alleges upon information and belief that, without authority,

ANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-7-

COMPLAINT

1  Defendant has contributed and continues to contribute to the infringement of the asserted claims of
2  the '983 patent in violation of 35 U.S.C. § 271(c) by importing into the United States, selling and/or
3  offering to sell within the United States Accused Products, that at a minimum include wireless
4  camera and/or other sensor products together with remote monitoring and communication systems
5  as described above, constituting material components of the Accused Products, that Defendant
6  knows were made and/or especially adapted for use in the Accused Products and/or are especially
7  adapted for use in infringing the asserted claims of the '983 patent, and which are not otherwise
8  staple articles of commerce suitable for substantial use in a manner that does not infringe the
9  asserted claims of the '983 patent.

10      28.    Plaintiff is informed and believes that Defendant intentionally sells, ships or
11  otherwise delivers the Accused Products in the United States, with knowledge that are designed to
12  and do practice the infringing features of the asserted claims of the '983 patent.

13      29.    Plaintiff alleges that Defendant encourages others to directly infringe the asserted
14  claims of the '983 patent in violation of 35 U.S.C. § 271(b) and (c) by, among other things,
15  providing operating manuals, guides, instructional and/or informational videos and other materials
16  designed to instruct others how to use the products in an infringing manner.  In particular,
17  Defendant's product literature, materials and instructional videos advertise and encourage
18  customers to use the accused product(s) for remote monitoring, which utilizes the devices described
19  by the '983 patent in a manner Defendant knows infringes the patent.

20      30.    Information about and demonstration videos showing how to infringe the asserted
21  claims of the '983 patent are posted by Defendant on its website(s) at https://y-cam.com, on
22  Facebook at https://www.facebook.com/YcamHomeMonitor, YouTube at
23  https://www.youtube.com/user/YcamTV, Twitter at https://twitter.com/ycamsolutions, and/or other
24  public websites.

25      31.    Defendant also provides operating manuals, user guides, instructional/informational
26  videos on its website that instruct customers and end-users on how to purchase the Defendant's
27  baby monitor/wireless camera systems and set them up so as to implement and perform the
28  infringing features of the '983 patent.  Among other things, the Defendant provides informational

ANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-8-
COMPLAINT

1  materials that lay out step-by-step instructions on how to set up an apparatus or system that
2  infringes the asserted claims of the Asserted Patents on its website(s) such as on website located at
3  https://y-cam.com.  For example, such materials include instructions for, among other things,
4  installing and setting up audio/video sensors, activating and modifying template parameters, and
5  setting up user authorization levels.

6        32.    Plaintiff believes and thereupon alleges that Defendant is aware that its customers
7  and end-users are using the Accused Products in an infringing manner based on, among other
8  things: 1) the discussions, questions, answers, and/or comments posted on its website, and/other
9  other public websites where Defendant's authorized agents, customers and/or end-users discuss and
10 disclose the use of the Accused Products, a process which Defendant knows infringes upon patent;
11 and/or, 2) the fact that Defendant encourages its customers and end-users to use the Accused
12 Products in an infringing manner as set forth herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

1. That Defendant has infringed the Patents-in-Suit;

2. Compensation for all damages caused by Defendant's infringement of the Patents-in-Suit to be determined at trial;

3. A finding that this case is exceptional and an award of reasonable attorneys fees pursuant to 35 U.S.C. § 285;

4. Granting Plaintiff pre-and post-judgment interest on its damages, together with all costs and expenses; and,

5. Awarding such other relief as this Court may deem just and proper.

HANDAL & ASSOCIATES

Dated: September 12, 2016

By: /s/ Gabriel G. Hedrick
    Gabriel G. Hedrick
    Lauren G. Kane
    Anton N. Handal
    Attorneys for Plaintiff
    e.Digital Corporation

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-9-

*COMPLAINT*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims.

Dated: September 12, 2016

HANDAL & ASSOCIATES

By: /s/ Gabriel G. Hedrick
Gabriel G. Hedrick
Lauren G. Kane
Anton N. Handal
Attorneys for Plaintiff
e.Digital Corporation

HANDAL & ASSOCIATES
750 B STREET
SUITE 2510
SAN DIEGO, CA 92101
TEL: 619.544.6400
FAX: 619.696.0323

-10-

*COMPLAINT*